UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NANCY KAFFKA,

          Plaintiff,

v.

ABBEY PROVIDENT VENTURE LLC
and BMC THE BENCHMARK
COMPANY LLC,

          Defendants.

Case No. 23-CV-1058-JPS

**ORDER**

      This case came before this branch of the Court on reassignment in March 2024 after having been originally filed in federal court in August 2023. ECF No. 1; Mar. 1, 2024 docket notation. On March 27, 2024, the Court reviewed the Amended Complaint in this matter and discovered that it failed to appropriately plead the citizenship of Defendants Abbey Provident Venture LLC and BMC The Benchmark Company LLC (together, "Defendants") for purposes of diversity jurisdiction. Accordingly, the Court ordered Plaintiff Nancy Kaffka ("Plaintiff") to either "appropriately amend her complaint or show cause why this case should not be dismissed for lack of subject matter jurisdiction." Text order dated Mar. 27, 2024.

      Plaintiff now informs the Court that it has discovered that it is "unable to establish diversity jurisdiction" and that the Court therefore lacks subject matter jurisdiction over this case. ECF No. 23 at 2. Plaintiff therefore moves, jointly with Defendants, and without citation to any authority, to remand this case to state court. *Id.* at 1. Confusingly, however, she also requests that the parties have "sixty (60) days from the entry of the

dismissal of this action without prejudice to re-file the Complaint in Walworth County Circuit Court." *Id.* at 3.

First of all, and as noted, Plaintiff cites to no authority in support of the proposition that the Court can remand her case to state court when it was filed in federal court in the first instance and never removed from state court. It should go without saying that when a party moves the Court to take a certain action, the party should cite to authority demonstrating that the Court can, in fact, undertake the action requested. Plaintiff has failed to comply with this basic premise of litigation; her motion is entirely devoid of legal citation.

Had Plaintiff endeavored to provide such citation, however, she would have discovered that the Court cannot, in fact, remand her case. She "is asking the Court to remand this case to a state court in which it was never filed. The case was not removed to this Court[,] so there is nothing to 'remand.'" *Lymon v. Allen Cnty. Gov't*, No. 1:18-CV-134, 2018 U.S. Dist. LEXIS 159867, at *11–12 (N.D. Ind. Sept. 18, 2018) (citing *Motorists Mut. Ins. Co. v. Teel's Rest., Inc.*, No. 3:08-CV-237, 2008 U.S. Dist. LEXIS 142607 (N.D. Ind. Sept. 12, 2008)). "[B]ecause this case was not removed from state court, the statutory procedures for removal are inapplicable. . . . Plaintiff's attempt to remand an action that was never removed puts the cart before the horse." *Cochran v. Smith & Nephew, Inc.*, No. 16-1121, 2016 U.S. Dist. LEXIS 125256, at *6 (C.D. Ill. Sept. 16, 2016) (citing 28 U.S.C. § 1441); *see also Wade v. Trelleborg YSH, Inc.*, No. 3:04-CV-335RM, 2005 U.S. Dist. LEXIS 32522, at *2 (N.D. Ind. Sept. 8, 2005) ("The court cannot agree . . . with [the plaintiff's] contention that a federal court has authority to remand to state court a case originally filed in federal court. A federal district court has no such authority.") (citing *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 467 (6th

Cir. 2002)); *see also Payne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 75 F. App'x 903, 906 (4th Cir. 2003) ("A case originally filed in federal court cannot be remanded to state court." (citing *Curry*, 301 F.3d at 461)).

But even if the Court did have the authority to remand this matter to state court, Plaintiff muddies the waters further still by simultaneously requesting that she be afforded "sixty (60) days from the entry of the dismissal of this action . . . to re-file the Complaint" in state court. ECF No. 23 at 3. Why would she need to re-file her complaint if the matter was remanded directly to state court? These are incompatible forms of relief, and Plaintiff does not request one as an alternative to the other. This further evidences the sloppiness and lack of attention to detail devoted to this case.

In light of the foregoing, the Court will deny Plaintiff's motion to remand. It will also order that Plaintiff's counsel provide a copy of this Order to Plaintiff Nancy Kaffka, so that she is made fully aware of the reason for the dismissal of her case; Plaintiff's counsel shall file a certificate of having done so on the docket within **ten (10) days** of this Order. Because it lacks subject matter jurisdiction, the Court is also constrained to dismiss this case in its entirety without prejudice. *Leaf v. Sup. Ct. of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("[A] dismissal for lack of subject-matter jurisdiction . . . is not a dismissal on the merits and, therefore, constitutes dismissal without prejudice.") (citing *Costello v. United States*, 365 U.S. 265, 285 (1961) and Fed. R. Civ. P. 12(b)(1) and 41(b)).

Accordingly,

**IT IS ORDERED** that Plaintiff Nancy Kaffka's motion to remand, ECF No. 23, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Nancy Kaffka's counsel shall provide Plaintiff Nancy Kaffka a copy of this Order and file a

certificate of having done so on the docket within **ten (10) days** of this Order; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge